IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SIDNEY MARTS,

    Plaintiff,

v.                                                 CASE NO. 1:13-cv-218-MP-GRJ

SECURUS CORPORATION, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Sidney Marts, DOC #X49222, an inmate presently confined at Liberty Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983. (Doc. 1.) Plaintiff did not pay the filing fee at the time he initiated the suit, and did not move for leave to proceed as a pauper. The Court directed Plaintiff to amend his complaint on the Court's forms and to pay the filing fee or move for leave to proceed as a pauper on or before December 9, 2013. (Doc. 3.) To date, Plaintiff has failed to comply with the Court's Order. However, even if he had timely complied with the Court's order, the case is still due to be dismissed as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

---

[1] *See, e.g., In re Sidney Marts,* Case No. On-11274-J (11th Cir. 6/3/09) (dismissing mandamus case as frivolous and declaring Plaintiff to be a three-striker). *See also Marts v. Chance*, N.D. Fla. Case No. 08-537-cv-MCR-MD (N.D. Fla.) (dismissed as frivolous) and *Marts v. Chance*, 09-10648-H (11th Cir. Apr. 23, 2009) (dismissing appeal as frivolous).

Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, the Complaint is devoid of any allegations suggesting that Plaintiff is in imminent danger of serious physical injury. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 12th day of December 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**